10-4928-cr
USA v. Broden

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of December, two thousand eleven.

Present:
> ROGER J. MINER,
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
> > *Circuit Judges*.

—————————————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                          No. 10-4928-cr

ISIDRO ALICEA, AKA Izzy,
DEREK SHAW, AKA Dee,

> *Defendants*,

SEAN BRODEN, AKA Sex Dog,

> *Defendant-Appellant*.

—————————————————————————————

For Defendant-Appellant:          James M. Branden, Law Office of James M. Branden, New York, N.Y.

For Appellee:                             Jason B. Smith, Justin S. Weddle, Assistant United

States Attorneys, *of counsel*, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Griesa, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Sean Broden appeals from a November 29, 2010 judgment of conviction entered by the United States District Court for the Southern District of New York (Griesa, *J.*). Following a jury trial, Broden was convicted of conspiring to distribute and to possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. On November 23, 2010, the district court sentenced Broden principally to a term of 180 months' imprisonment. On appeal, Broden contends (1) that the evidence was insufficient to support the jury's verdict and (2) that the district court erred in sentencing him for conspiring to distribute 500 grams or more of cocaine because the jury was not instructed that it was required to make findings as to drug weight and type beyond a reasonable doubt. We presume the parties' familiarity with the facts and procedural history of this case.

Turning to the first issue on appeal, we review challenges to the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government. *United States v. Yannotti*, 541 F.3d 112, 120 (2d Cir. 2008). An appellant "bears a heavy burden" in challenging the sufficiency of the evidence. *Id.* (internal quotation marks omitted). The standard of review is "exceedingly deferential." *United States v. Hassan*, 578 F.3d 108, 126 (2d Cir. 2008). "[W]e must . . . credit[] every inference that could have been drawn in the

2

government's favor," *United States v. Chavez*, 549 F.3d 119, 124 (2d Cir. 2008), and affirm the conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

Where, as here, a defendant challenges a conspiracy conviction, "deference to the jury's findings is especially important . . . because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel." *United States v. Santos*, 541 F.3d 63, 70 (2d Cir. 2008) (internal quotation marks omitted). "The record must nonetheless permit a rational jury to find: (1) the existence of the conspiracy charged; (2) that the defendant had knowledge of the conspiracy; and (3) that the defendant intentionally joined the conspiracy." *Id.* (internal citations omitted).

Drawing all reasonable inferences in the government's favor, as we must, we conclude that the evidence was sufficient to support Broden's conviction. Specifically, cooperating witness Derek Shaw testified that Broden asked Shaw to help him buy cocaine and that Broden made three trips from Pennsylvania to New York to try to purchase cocaine. While Broden urges the Court to reject Shaw's testimony because Shaw is "an inveterate criminal who had reason to falsely implicate Mr. Broden," Def. Br. at 27, "it is well-settled that when reviewing the sufficiency of the evidence we defer to the jury's assessment of witness credibility," *United States v. Glenn*, 312 F.3d 58, 64 (2d Cir. 2002) (internal quotation marks omitted). Moreover, while Shaw's testimony alone would be sufficient to sustain Broden's conviction, *see United States v. Gordon*, 987 F.2d 902, 906 (2d Cir. 1993), many aspects of Shaw's testimony were

3

corroborated by other evidence presented at trial, including cellsite location information for

Broden's cellular telephone, Broden's post-arrest statements, and certain recordings of

conversations between Broden, Shaw, co-defendant Isidro Alicea, and a confidential informant.

Thus, there was more than sufficient evidence to permit the jury to find that Broden knowingly

and intentionally participated in the conspiracy.

Turning to the second issue on appeal, Broden challenges his sentence on the ground that

the district court failed to instruct the jury specifically that the "beyond a reasonable doubt"

burden applied to the sentencing elements on the verdict form. Since Broden did not object to

the absence of this instruction at trial, we review the jury instructions for plain error. Fed. R.

Crim. P. 30(d), 52(b). While Broden is correct that for an enhanced sentencing range to apply,

the requisite type and quantity of the controlled substance involved in the offense must be

pleaded and found beyond a reasonable doubt by a jury, *United States v. Thomas*, 274 F.3d 655,

659-60 (2d Cir. 2001) (en banc), the following jury instruction demonstrates that the jury was

properly instructed as to the burden of proof:

> [T]here are two things . . . which you must find proven beyond a reasonable doubt in
> order to convict the defendant. . . . First, that there was a conspiracy among some two or
> more persons to possess with intent to distribute and to distribute 500 grams and more of
> cocaine. . . . [and second,] that the defendant was a member of that conspiracy.

App. 83 (paragraph breaks omitted). Given this clear instruction, we cannot say that the district

court committed plain error by failing to reiterate this instruction when it provided the jury with

the special verdict form.

4

We have considered Broden's remaining arguments and find them to be without merit.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, CLERK